**Michael Fuller, Oregon Bar No. 09357**
Trial Attorney for Ms. Fitzgerald
OlsenDaines, P.C.
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204
Michael@UnderdogLawyer.com
Mobile 503-201-4570


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| **SHIRLEY FITZGERALD**,<br>a consumer residing in<br>Multnomah County, | Case No. 3:14-cv-944 |
|        Plaintiff, | **UNLAWFUL DEBT COLLECTION**<br>**COMPLAINT** |
|     v. | **15 USC § 1692** *et seq.*<br>**28 USC § 2201(a)** |
| **COLUMBIA COLLECTION**<br>**SERVICE, INC.**,<br>a domestic business corporation, and<br>**DAVID SCHUMACHER**, its<br>debt collection attorney, | **DEMAND FOR JURY TRIAL** |
|        Defendants. | |

1.

**<u>INTRODUCTION</u>**

Ms. Fitzgerald, through her attorney Michael Fuller acting as a private attorney general,

prosecutes Columbia Collection and Mr. Schumacher as follows:


**COMPLAINT** - Page 1

2.

## PROCEDURAL HISTORY

In June 2009, **Columbia Collection** sued **Ms. Fitzgerald** to collect debt she didn't owe.

3.

In March 2010, the judge ruled against **Columbia Collection** and dismissed the lawsuit.

4.

In January 2013, **Columbia Collection** sued **Ms. Fitzgerald** again, in a second attempt to collect the same debt previously dismissed by the judge with prejudice.

5.

**Ms. Fitzgerald** never received actual notice of the second lawsuit and **Columbia Collection** applied for a default judgment without her knowledge on June 13, 2013.

6.

**Ms. Fitzgerald** didn't learn of the second lawsuit until February 2014, when **Columbia Collection** and its debt collection attorney garnished exempt money from her First Tech Federal Credit Union account.

7.

After **Ms. Fitzgerald** challenged the garnishment in March 2014, **Columbia Collection** verbally threatened her. The judge eventually ordered the exempt funds be returned to **Ms. Fitzgerald**.

8.

**Ms. Fitzgerald** now demands a jury trial to recover fair compensation from **Columbia Collection** and its debt collection attorney.

**COMPLAINT** - Page 2

OlsenDaines, P.C.
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

9.

## JURISDICTION AND THE PARTIES

The United States District Court for the District of Oregon has jurisdiction of this action pursuant to 28 USC § 1331 because the FDCPA is a federal law.

10.

Plaintiff Shirley Fitzgerald (Ms. Fitzgerald) is a natural person residing in Multnomah County, Oregon.

11.

Defendant Columbia Collection Service, Inc. (Columbia Collection) is a domestic business corporation, regularly doing business in Multnomah County, and is a licensed debt collector in the State of Oregon.

12.

Defendant David Schumacher (Mr. Schumacher) is a domestic licensed debt collection attorney, regularly doing business in Multnomah County.

13.

The venue and division of this Honorable Court are proper because the majority of Defendants' acts and omissions were directed at Ms. Fitzgerald while she resided in Multnomah County, Oregon.

/ / /

/ / /

/ / /

/ / /

**COMPLAINT** - Page 3

OlsenDaines, P.C.
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

14.

## FDCPA STRICT LIABILITY

Ms. Fitzgerald is a "consumer" as defined by the FDCPA at 15 USC § 1692a(3) because she is a natural person allegedly obligated to pay a debt to Columbia Collection. Ms. Fitzgerald's alleged obligation to pay Columbia Collection is a "debt" as defined by the FDCPA at 15 USC § 1692a(5) because it arises out of a consumer transaction, namely medical services that were allegedly provided to Ms. Fitzgerald.

15.

Columbia Collection is a "debt collector" as defined by the FDCPA at 15 USC § 1692a(6) as it regularly represents to consumers that it is attempting to collect a debt on behalf of another, its principal purpose is providing debt collection services to creditors, and it regularly communicates with consumers regarding defaulted debt, which communications include use of the United States mail system.

16.

Mr. Schumacher is also a "debt collector" as defined by the FDCPA at 15 USC § 1692a(6) as he regularly represents to consumers that he is attempting to collect a debt on behalf of another, his law practice primarily provides debt collection services to others, and he regularly communicates with consumers regarding defaulted debt, which communications include use of the United States mail system.

17.

Defendants' collection activities directed at Ms. Fitzgerald as alleged in this Complaint are subject to the strict liability provisions of the FDCPA.

**COMPLAINT** - Page 4

OlsenDaines, P.C.
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

18.

**FACTUAL ALLEGATIONS**

On or around June 15, 2009, Columbia Collection filed a Claim against Ms. Fitzgerald in Small Claims Case No. 09S009132.

19.

Columbia Collection's Claim was an attempt to collect debt including service dates of 11/16/07 and 11/02/07 and 12/16/07.

20.

Prior to trial, Columbia Collection threatened Ms. Fitzgerald in an attempt to coerce her to pay it to settle the Claim.

21.

Ms. Fitzgerald did not owe the debt included in the Claim, and on March 1, 2010, Circuit Court Judge Larsen filed a judgment dismissing the Claim with prejudice.

22.

On or around January 23, 2013, Columbia Collection filed a second Claim against Ms. Fitzgerald in Small Claims Case No. 130001842S.

23.

Columbia Collection's second Claim was an attempt to collect debt, a portion of which had been previously dismissed with prejudice, including service dates of 11/16/07 and 11/02/07 and 12/16/07.

/ / /

/ / /

**COMPLAINT** - Page 5

OlsenDaines, P.C.
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

24.

Ms. Fitzgerald's home address at 10835 NW Brooks Rd., Portland, Oregon 97231 has not changed from April 1991 to the date of this Complaint.

25.

Ms. Fitzgerald never received knowledge of the second Claim and Columbia Collection pursued a default judgment against her, without her knowledge, on June 13, 2013.

26.

Columbia Collection's pursuit of a default judgment against Ms. Fitzgerald was unfair because Columbia Collection could readily see her home address had not changed from the first and second Claims, and because Columbia Collection knew she previously successfully defended its first Claim and it had no reason to believe she would not similarly defend the second Claim.

27.

On February 4, 2014, Mr. Schumacher signed a writ of garnishment on Columbia Collection's behalf to collect on the default judgment entered in Case No. 130001842S.

28.

Ms. Fitzgerald never learned of the second Claim until her First Tech Federal Credit Union account was garnished by Defendants on February 10, 2014.

29.

The writ of garnishment was communicated to Ms. Fitzgerald directly, and to First Tech Federal Credit Union.

/ / /

**COMPLAINT** - Page 6

OlsenDaines, P.C.
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

30.

The writ of garnishment contained a false certification that $4,275.98 was lawfully subject to collection against Ms. Fitzgerald.

31.

The writ of garnishment contained a false certification that good ground existed to support issuance of the writ.

32.

The writ of garnishment contained a false certification that Defendants had reasonable knowledge of the facts and made a reasonable inquiry before signing the writ.

33.

On February 20, 2014, Ms. Fitzgerald filed a challenge to the writ of garnishment because her First Tech Federal Credit Union account contained exempt funds.

34.

After a hearing on March 14, 2014, Columbia Collection's agent refused to state her name. Instead, the agent demanded Ms. Fitzgerald's phone number and verbally oppressively threatened Ms. Fitzgerald, including and not limited to saying, "I am going to hunt you down to the ends of the Earth." and, "We are going to get you."

35.

On March 14, 2014, the judge ordered the exempt funds be returned to Ms. Fitzgerald.

/ / /

/ / /

/ / /

**COMPLAINT** - Page 7

OlsenDaines, P.C.
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

36.

## **FDCPA VIOLATIONS**

Columbia Collection violated the FDCPA by unfairly attempting to collect previously dismissed debt through the filing of its second Claim and pursuit of judgment against Ms. Fitzgerald.

37.

Columbia Collection's second Claim violated the FDCPA by falsely representing that Ms. Fitzgerald owed previously dismissed debt.

38.

As recently as February 2014, Columbia Collection violated the FDCPA by communicating false credit information about Ms. Fitzgerald to the credit reporting agencies.

39.

The credit information was false because Ms. Fitzgerald did not owe the previously dismissed debt.

40.

Columbia Collection knew and should have known the credit information it reported was false because it knew and should have known Ms. Fitzgerald did not owe the previously dismissed debt.

41.

Defendants violated the FDCPA because the writ of garnishment was not reasonably necessary to effectuate a valid postjudgment judicial remedy, and falsely communicated to First Tech Federal Credit Union that Ms. Fitzgerald owed previously dismissed debt.

**COMPLAINT** - Page 8

42.

Defendants violated the FDCPA because the writ of garnishment attempted to collect

debt from Ms. Fitzgerald's account that had been previously dismissed with prejudice.

43.

Defendants violated the FDCPA because the writ of garnishment contained a false

representation that Ms. Fitzgerald owed debt that had been previously dismissed with prejudice.

44.

Columbia Collection violated the FDCPA by attempting to oppress Ms. Fitzgerald

through its use of threats on March 2014, in connection with its collection of debt.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**COMPLAINT** - Page 9

OlsenDaines, P.C.
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

45.

**FAIR COMPENSATION**

Mr. Schumacher's violation of the FDCPA caused Ms. Fitzgerald actual damages including, but not limited to, stress, frustration, damage to her reputation, an improper credit union fee, invasion of privacy, and other damages consistent with unfair debt collection in an amount to be determined by a jury. Ms. Fitzgerald has a right to recover these damages pursuant to 15 USC § 1692k(a)(1).

46.

Columbia Collection's violation of the FDCPA caused Ms. Fitzgerald actual damages including, but not limited to, stress, frustration, damage to her reputation, an improper credit union fee, invasion of privacy, damage to her credit, lower credit scores, lost opportunities to receive credit and refinance, and other damages consistent with unfair debt collection in an amount to be determined by a jury. Ms. Fitzgerald has a right to recover these damages pursuant to 15 USC § 1692k(a)(1).

47.

Ms. Fitzgerald has a right to recover additional statutory damages pursuant to 15 USC § 1692k(a)(2). Ms. Fitzgerald has a right to recover her costs and a reasonable attorney's fee incurred in prosecuting the FDCPA claim, pursuant to 15 USC § 1692k(a)(3).

48.

Columbia Collection has a habit and routine practice of violating the laws governing debt collection in connection with its conduct in small claims court. For example, see Exhibit 1; Case No. 3:13-cv-01577-PK; Case No. 3:14-cv-00006-AC, etc.

**COMPLAINT** - Page 10

OlsenDaines, P.C.
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

49.

## CAUSES OF ACTION

### CLAIM ONE AGAINST COLUMBIA COLLECTION

### UNLAWFUL DEBT COLLECTION

### (15 USC § 1692k)

Ms. Fitzgerald re-alleges all of the above paragraphs by reference.

50.

Columbia Collection's conduct as alleged above failed to comply with the FDCPA, including and not limited to the provisions contained in § 1692c, d, e, and f.

51.

Columbia Collection's failure to comply with the FDCPA caused Ms. Fitzgerald actual damages as alleged above. As a result, Ms. Fitzgerald is entitled to recover fair compensation, including actual damages, statutory damages, costs and a reasonable attorney's fee pursuant to 15 USC § 1692k.

52.

### CLAIM TWO AGAINST DAVID SCHUMACHER

### UNLAWFUL DEBT COLLECTION

### (15 USC § 1692k)

Ms. Fitzgerald re-alleges all of the above paragraphs by reference.

53.

Mr. Schumacher's conduct as alleged above failed to comply with the FDCPA, including and not limited to the provisions contained in § 1692c, e and f.

**COMPLAINT** - Page 11

OlsenDaines, P.C.
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

54.

Mr. Schumacher's failure to comply with the FDCPA caused Ms. Fitzgerald actual damages as alleged above. As a result, Ms. Fitzgerald is entitled to recover fair compensation, including actual damages, statutory damages, costs and reasonable attorney's fee pursuant to 15 USC § 1692k.

55.

**CLAIM THREE**

**DECLARATORY RELIEF AGAINST COLUMBIA COLLECTION**

**(28 USC § 2201(a))**

Ms. Fitzgerald re-alleges all of the above paragraphs by reference.

56.

Ms. Fitzgerald requests this Honorable Court issue the following declarations on the record so she can ensure accurate credit reporting in the future, and clear her name with her credit union:

a.  The credit information Columbia Collection reported about Ms. Fitzgerald from June 2013 to February 2014 concerning her previously dismissed debt was false.

b.  Columbia Collection's writ of garnishment to First Tech Federal Credit Union falsely communicated to First Tech Federal Credit Union that Ms. Fitzgerald owed previously dismissed debt.

57.

**DEMAND FOR JURY TRIAL**.

**COMPLAINT** - Page 12

OlsenDaines, P.C.
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

**WHEREFORE**, Ms. Fitzgerald seeks order and judgment against Defendants as follows:

1.  Declaratory relief as requested in paragraph 56 above;

2.  An award of compensatory damages;

3.  An award of statutory damages;

4.  An award reimbursing her for the costs of prosecuting this action, together with a
    reasonable attorney's fee;

5.  Any other equitable relief this Honorable Court may determine to be fair and just.

After the judgment on the second Claim is set aside and the portion of the Claim

premised upon previously dismissed debt is terminated in her favor, Ms. Fitzgerald intends to

amend this Complaint to allege wrongful use of civil proceedings against Columbia Collection.


DATED: June 11, 2014

                                        RESPECTFULLY FILED,

                                        s/ Michael Fuller
                                        Michael Fuller, Oregon Bar No. 09357
                                        Trial Attorney for Ms. Fitzgerald
                                        OlsenDaines, P.C.
                                        US Bancorp Tower
                                        111 SW 5th Ave., 31st Fl.
                                        Portland, Oregon 97204
                                        Michael@UnderdogLawyer.com
                                        Mobile 503-201-4570


**COMPLAINT** - Page 13